Alfit TARIGAN, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 04–70199.
Agency No. A79–194–185.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Richard M. Evans, Esq., Sara Mclean, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Alfit Tarigan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").

■ We lack jurisdiction to review the BIA's determination that no changed or

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

extraordinary circumstances excused Tarigan's untimely filing of his application for asylum. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). Accordingly, we dismiss Tarigan's petition with respect to his asylum claim.

We have jurisdiction to review the BIA's denial of Tarigan's withholding of removal and CAT claims under 8 U.S.C. § 1252. We review for substantial evidence, and we will uphold the BIA's decision unless the evidence compels a contrary conclusion. *Bellout v. Ashcroft,* 363 F.3d 975, 977–79 (9th Cir.2004).

■ We deny Tarigan's petition for review with respect to his application for withholding of removal because he has not shown it is "more likely than not" that he will be persecuted if he returned to Indonesia. *See Singh v. INS,* 134 F.3d 962, 971 (9th Cir.1998). Tarigan was never arrested, detained or physically harmed while in Indonesia, and he stated that the only harm he feared upon returning to Indonesia was "pressure" and mental and verbal abuse from his family. Even assuming Tarigan properly presented evidence of societal unrest in Indonesia, such evidence does not compel a finding that Tarigan has shown a clear probability of persecution. *See id.* at 967.

Tarigan's CAT claim also fails because he has not shown it is "more likely than not" that he will be tortured if returned to Indonesia. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

PETITION FOR REVIEW DISMISSED in part and DENIED in part.